UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LORRAINE E. RING, No. 11-10230

                  Debtor(s).
_____/

WELLS FARGO EQUIPMENT FINANCE, INC.,

                  Plaintiff(s),

     v.                                      A.P. No. 11-1131

LORRAINE E. RING,

                  Defendant(s).
_____/

Memorandum on Motion for Sanctions
_____

       The complaint in this adversary proceeding, accusing Chapter 11 debtor and defendant Lorraine Ring of willful and malicious conduct, is patently without merit. It alleges only that Ring refused to allow plaintiff to inspect its collateral, which is not willful and malicious conduct, and that she "may have" caused damage to the collateral. The former allegation is without foundation in the law and the latter without basis in fact. Plaintiff should have requested more time to investigate and obtained an order compelling an inspection.[1] An accusatory complaint against an 81-year-old debtor

---

[1] Rule 4007(c) permits the court to grant an extension of time, even after the deadline, so long as the time had not expired when the request was made. Such requests are usually granted if the moving party shows that it has been diligent. *In re Farhid*, 171 B.R. 94, 96-7 (N.D.Cal.1994).

1

was not justified. Ring has met the safe harbor requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure, and her motion for sanctions is now before the court.

In mitigation, Ring is no babe in the woods when it comes to bankruptcy litigation, having been in and out of this court for twenty years and having filed at least three adversary proceedings herself. Also, her counsel is not known as the most cooperative attorney on the planet. Thus, while sanctions are clearly called for they ought to be relatively modest. The court feels that the sum of $2,500.00 is an appropriate sanction. It is sufficient to punish Plaintiff for shooting first and asking questions later while not overly rewarding Ring and her counsel for being less than fully accommodating.

Counsel for Ring shall submit an appropriate form of order.

Dated: October 9, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge